IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN PRETTYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-00389-CV-W-ODS |
| | ) | |
| APPLE CENTRAL KC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE EXPERT AND PRECLUDE EXPERT TESTIMONY

Pending is Defendant's Motion to Strike Plaintiff's Retained Expert Atul Patel, M.D., and to Preclude Expert Witness Testimony Premised on *Daubert*. Doc. #34. For the following reasons, Defendant's motion is denied.

## I. BACKGROUND

This matter stems from Plaintiff Bryan Prettyman slipping and falling at an Applebee's restaurant owned by Defendant Apple Central KC, LLC. Doc. #1-1. Plaintiff alleges he "sustained significant personal injuries, aggravation of a pre-existing injury, disfigurement, wage losses, economic losses, ongoing pain and suffering, emotional distress, and loss of enjoyment of life." *Id.* at 3. He claims his injuries are "permanent and progressive." *Id.* In January 2019, Plaintiff disclosed Atul Patel, M.D., as a retained expert. Doc. #34-1. Defendants move to strike Dr. Patel and preclude his testimony.

## II. STANDARD

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the

> testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993). The Court uses a three-part test when determining the admissibility of expert testimony:

> First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (internal quotations and citations omitted). "Courts should resolve doubts regarding usefulness of an expert's testimony in favor of admissibility." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) (citations omitted).

### III. DISCUSSION

Defendant moves to exclude Dr. Patel's testimony and opinions as to causation because they do not meet the standards set forth in *Daubert*. Specifically, Defendant argues an adequate differential diagnosis was not made in order to be legally submissible, Dr. Patel used no methodology, and there was no technique subject to peer review, publication, or general acceptance by the medical community. Defendant contends "Dr. Patel's opinions are based on nothing more than Plaintiff's subjective complaints." Doc. #35, at 15.

According to his report, Dr. Patel's opinions are based upon his clinical experience, education, training, review of Plaintiff's medical records, review of radiological studies, and Plaintiff's deposition testimony. Doc. #36-1, at 1. In his report, Dr. Patel opined "to a reasonable degree of medical probability that Mr. Prettyman's problems with the back were exacerbated by his fall and are now causing him to have

some issues with chronic law back pain and pain into the left leg." *Id.* at 3. Regarding Plaintiff's erectile dysfunction, Dr. Patel stated, "it is my opinion to a reasonable degree of medical probability that [Plaintiff] is continuing to have some issues with performance due to the pain and possibly due to medications that he may be taking for his pain. The lack of sensation in the groin area is also likely to be contributing." *Id.* at 3.

During his deposition, Dr. Patel testified that Plaintiff's fall at the restaurant "more likely than not" exacerbated Plaintiff's chronic medical issues predating the fall. Doc. #35-1, at 7, 10. Dr. Patel stated it was "extremely unlikely" that Plaintiff's hepatic aneurysm in 2013 contributed to his erective dysfunction; rather, he believed back pain was the likely source of Plaintiff's erectile dysfunction. *Id.* at 3, 8. While Dr. Patel ruled out Plaintiff's left groin, testicle, and thigh pain in July 2013 as the source of his current medical issues, Dr Patel testified that he could not absolutely rule out "surgical issues dealing with the hernia and the abdominal reconstruction" as causes. *Id.* at 8-9. Although there are no objective signs of injuries, Dr. Patel opined Plaintiff's current condition was caused by the fall. *Id.* at 10. His opinion was based upon "[t]he distribution of symptoms, the type of symptoms and his history of the areas where he had had problems previously," as well as Dr. Patel's "clinic experience and seeing this in other patients." *Id.* at 10.

According to the Eighth Circuit, "cases are legion that, correctly, under *Daubert*, call for the liberal admission of expert testimony." *Johnson v. Mead Johnson & Co.*, 754 F.3d 557, 562 (8th Cir. 2014) (citations omitted). "As long as the expert's scientific testimony rests upon 'good grounds, based on what is known' it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded by the court at the outset." *Id.* (quoting *Daubert,* 509 U.S. at 590). An expert's opinion should be excluded only if the "opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007).

Experts "are not required to rule out all possible causes when performing the differential etiology analysis." *Johnson*, 754 F.3d at 563 (citations omitted). Further, even if a differential diagnosis is based upon "less than full information," the Eighth Circuit has concluded an expert's opinion can still be reliable. *Id.* at 564 (citation

3

omitted). If there are flaws in the expert's methods or another expert may reach a different conclusion, "such considerations go to the weight to be given the testimony by the factfinder, not its admissibility." *Id.* (citation omitted). "[T]he jury, not the trial court, should be the one to 'decide among the conflicting views of different experts.'" *Id.* (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153 (1999)).

Based upon the record before it, the Court finds Dr. Patel's opinions and testimony rest upon good grounds, are based upon what is known, are supported by medical records and Plaintiff's testimony, and may assist the jury. Moreover, any doubts the Court has with regard to Dr. Patel's opinions and testimony must be resolved in favor of admissibility. *See Johnson*, 754 F.3d at 562; *Marmo*, 457 F.3d at 758. The jury will consider Dr. Patel's opinions and testimony, the factual sources of his opinions and testimony, determine his credibility, and afford whatever weight to his opinions and testimony as the jury sees fit. Accordingly, the Court denies Defendant's motion.

## IV. CONCLUSION

Based upon the foregoing reasons, the Court denies Defendant's Motion to Strike Plaintiff's Retained Expert Atul Patel, M.D., and to Preclude Expert Witness Testimony Premised on *Daubert*.

IT IS SO ORDERED.

DATE: May 10, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT