IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRYAN PRETTYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-00389-CV-W-ODS |
| | ) | |
| APPLE CENTRAL KC, | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION IN LIMINE</u>

Pending is Plaintiff's Motion in Limine. Doc. #41. As set forth below, Plaintiff's motion is granted in part and denied in part. The parties are reminded that these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

**A.     Plaintiff's First Contact With Counsel**

Plaintiff moves to exclude evidence concerning when he contacted an attorney, and the reasons for contacting an attorney. Defendant does not object to this motion. Plaintiff's motion is granted.

**B.     Inflammatory and/or Improper Arguments and Comments**

Plaintiff moves to prohibit arguments or comments about the following: (1) an award of damages would result in other litigation, (2) an award of damages will result in a windfall or jackpot to Plaintiff, (3) personal comments about the validity of Plaintiff's case, (4) personal comments about the validity of personal injury cases generally, (5) the impact a verdict may have on Defendant, including a claim of having to file for

bankruptcy protection, (6) the jurors should be skeptical of lawsuits, and (7) people must stop wasting taxpayers' money and jurors' valuable time on lawsuits. In response, Defendant argues Plaintiff's request for a "blanket prohibition of the vague topics listed should be denied." Doc. #43, at 1. Defendant contends it has "no idea as to the arguments which may be made by Plaintiff to which Defendant is entitled to refute." *Id.* Defendant, however, only raises an issue with one topic on Plaintiff's list. With regard to Plaintiff's request prohibiting comments about the validity of his case, Defendant maintains the request is overly broad, and if the request is granted, Defendant could be prohibited from commenting as to the legitimacy of Plaintiff's claims.

The Court grants Plaintiff's motion with regard to all topics listed with the exception of personal comments about the validity of Plaintiff's case. The Court agrees with Defendant; the request to exclude personal comments about the validity of his case is vague. It is unclear what particular comments he seeks to exclude, and the breadth of the request seems overbroad. For example, if the request seeks to preclude Defendant from properly challenging Plaintiff's credibility, such a request would be denied. Additionally, if Plaintiff's request seeks to improperly limit Defendant's closing argument, that request would also be denied. In this regard, the parties are reminded that "[c]ounsel are given wide latitude in arguing inferences from the evidence presented." *Ratliff v. Schiber Truck Co.*, 150 F.3d 949, 957 (8th Cir. 1998) (citation omitted). However, "counsel must not go beyond the evidence and issues drawn by the instructions or urge prejudicial matters or a claim or a defense which the evidence and issues drawn by the instructions do not justify…." *Id.* For these reasons, the Court denies Plaintiff's request to exclude personal comments about the validity of his case.

**C.  Settlement Offers**

Plaintiff asks to exclude evidence of or reference to any settlement offer. Defendant does not object to this request. Plaintiff's motion is granted.

**D.  Personal Injury Recovery is Non-Taxable**

Plaintiff asks to exclude evidence of or reference to recovery for a personal injury being non-taxable. Defendant has no objection to this request. This motion is granted.

**E.     Other Lawsuits**

Plaintiff seeks exclusion of references to and evidence of other lawsuits. Defendant does not object to this request. Plaintiff's motion is granted.

**F.     Health Conditions or Injuries Unrelated to Injuries Alleged in Lawsuit**

Plaintiff seeks exclusion of testimony about or reference to health conditions unrelated to his injuries at issue in his lawsuit. He argues his shoulder condition, shoulder injury, and STD testing are irrelevant to this lawsuit and should be excluded.

Defendant understands only Plaintiff's medical conditions related to the scope of the personal injuries alleged by Plaintiff in this lawsuit are relevant. Defendant opposes Plaintiff's motion because it seeks a blanket prohibition, and contends the Court should entertain objections to specific health conditions. In addition to or in the alternative to its general opposition to Plaintiff's request, Defendant argues there are preexisting conditions, medical procedures, and injuries that are relevant to the injuries alleged in this lawsuit – i.e., hepatic aneurysm and surgical repair, abdominal hernia repairs, degenerative disc disease, and lumbar discectomy and fusion. Defendant also points to Plaintiff's post-fall automobile accident, and contends his post-accident emergent treatment and treatment findings are relevant. Defendant does not raise an issue with Plaintiff's argument that his shoulder condition, shoulder injury, and STD testing have nothing to do with this lawsuit.

The Court grants Plaintiff's motion with regard to evidence about his shoulder condition, shoulder injury, and STD testing. It is not entirely clear if the conditions, procedures, and/or injuries Defendant identifies are relevant, or if other conditions, procedures and/or injuries are relevant. Without additional information, the Court cannot consider the remainder of this motion, and therefore, denies the remainder of this motion.

IT IS SO ORDERED.

DATE: June 20, 2019

/s/ Ortrie D. Smith  
ORTRIE D. SMITH, SENIOR JUDGE  
UNITED STATES DISTRICT COURT